Filed 12/8/20  P. v. Villanueva CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO VILLANUEVA,<br><br>    Defendant and Appellant. | H047244<br>(Monterey County<br> Super. Ct. No. SS102330) |

In 2013, defendant Ricardo Villanueva pleaded no contest to attempted murder (Pen. Code, §§ 664/187, subd. (a))[1] and active participation in a criminal street gang (§ 186.22, subd. (a)).  Defendant admitted the allegations that he personally and intentionally discharged a firearm during the commission of the attempted murder (§ 12022.53, subds. (c)-(e)) and that he committed the attempted murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  Pursuant to the terms of a negotiated disposition, the superior court sentenced defendant to 25 years.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95, which allows individuals convicted of felony murder or murder under the natural and probable consequences doctrine to petition the superior court to vacate the conviction under recent changes to the law.  After appointing defendant counsel and receiving

---

[1] All further statutory references are to the Penal Code.

briefing from the parties, the superior court denied the petition, finding that defendant was ineligible for relief because he was convicted of attempted murder, rather than murder as required by section 1170.95.[2]

Defendant filed a timely notice of appeal from the superior court's order denying his section 1170.95 petition. Defendant's appointed counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) that raises no issues, but asks this court to conduct an independent review of the record.

Defendant subsequently filed a supplemental brief on his own behalf, but does not raise a legal claim in the brief. Defendant simply states that he was 15 years old when the incident occurred; he was convicted in adult court; he did not kill or shoot anyone and did not carry a gun; he would not be convicted of murder or attempted murder under current law; he did not have a prior arrest history; and he pleaded to the charges to avoid being sentenced to life in prison for felony murder. Defendant also states that he misses his family and deserves a second chance.

California law entitles a defendant to a first appeal of right from his or her conviction (§ 1237; *People v. Kelly* (2006) 40 Cal.4th 106, 117 (*Kelly*)), and a defendant has the constitutional right to the assistance of counsel in that appeal (*Douglas v. California* (1963) 372 U.S. 353, 355). Thus, when counsel in a first appeal of right notifies the court that there are no arguable issues, the court must conduct an independent review of the record to protect the defendant's right to counsel. (*Kelly*, *supra*, at p. 119; see also *People v. Wende* (1979) 25 Cal.3d 436, 441; *Serrano*, *supra*, 211 Cal.App.4th at p. 500.) However, "[b]oth the United States Supreme Court and the California Supreme Court have concluded that due process does not require [independent] review [of the record] other than in the first appeal of right." (*Serrano*, *supra*, at p. 500.)

---

[2] This court has subsequently concluded that Senate Bill No. 1437, by which section 1170.95 was enacted, does not apply to attempted murder. (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 222.)

2

The instant appeal originates from a postconviction proceeding and not a first appeal of right, and therefore defendant is not entitled to have this court independently review the record to determine whether there are any arguable issues.  (See *Serrano*, *supra*, 211 Cal.App.4th at p. 500.)  Having received no legal argument from defendant or appointed counsel, we shall dismiss the appeal.  (See *id.* at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
DANNER, J.

***People. v. Villanueva***
**H047244**